# CASES

IN THE

# SUPREME JUDICIAL COURT

FOR

## THE COUNTY OF CUMBERLAND, MAY TERM, 1829.

### WARREN & AL. *vs.* PIERCE.

It is presumed, where the lots of land in each range in a new township are number-ed in a regular arithmetical series, that they were originally located contiguous to each other; and that the lot numbered two includes all the land lying between one and three in the same range; and so of the others.

Therefore, where the proprietors of *B.* ordered a location of their township into hundred-acre lots, it was *held* that the lot numbered eight included all the land between seven and nine, though it amounted to two hundred acres; and that the party claiming a different location, was bound to repel this presumption by positive proof.

THIS was an action of trespass *quare clausum fregit,* tried before *Weston J.* upon the general issue. The plaintiffs made title to the lot numbered eight in the first range east, in *Baldwin.* The range lines, and the actual location of the lots numbered seven and nine in that range, were proved or admitted. The proprietors of that town-ship ordered all the lots to be laid out as nearly as practicable in hundred-acre lots; and they were usually called hundred-acre lots; though some of them did not exceed eighty acres, while others, as actually located, contained an hundred and twenty. The space between the lots numbered seven and nine, in the range in question, contained about two hundred acres; and the defendant contended

2

that it composed two lots, to one of which, if there were two, he made title under a grant from the proprietors. The original plan of the township was lost. The judge instructed the jury that the lot numbered eight must be presumed to extend from seven to nine, whatever quantity of land it might thus include; and that if the defendant would restrict it, the burden of proof was on him to show that by the original survey and location it did not extend so far. And a verdict was taken for the plaintiffs, subject to the opinion of the Court upon the correctness of those instructions.

*Longfellow* and *Greenleaf,* for the defendant, argued that as it appeared that the proprietors ordered that the township should be surveyed and laid out into hundred-acre lots; and the evidence was that it was surveyed and laid out into lots; the presumption is that the survey and location were made, in conformity with the order, into lots of that size; and that if the plaintiffs would insist on the contrary, the burden of proof was on them to show a different location. *Williams v. The East India Co.* 3 *East* 192.

*N. Emery, Shepley* and *Deblois* for the plaintiffs.

The opinion of the Court, the Chief Justice not sitting in the cause, was delivered at the following *June* term in *Kennebec,* by

WESTON J. It is the well known practice of proprietors of townships in this State, to have them surveyed and laid out in ranges and lots, causing both to be numbered in regular sequence. They then sell by the number of the lot and the range, without a more particular description. And the purchaser is entitled to his lot according to its actual location, as made by the survey, if that can be ascertained; if not, it is to be located from the plan by actual admeasurement.

The plaintiffs are the owners of number eight, in the first range east in *Baldwin.* The plan of the town is lost. There is no question about the range lines, between which number eight lies. The plaintiffs show where numbers seven and nine are; and these lots are located beyond controversy. The judge instructed the jury that number eight must be presumed to extend from seven to nine; and that the burden of proof was upon the party, interested to show

a different location, to do so by satisfactory evidence. He would have been justified in using a stronger language; and in stating that eight did and must extend from seven to nine, unless a different original location could be shown. The burden of proof is doubtless upon the plaintiffs to make out their case; but when they show the range lines between which their lot is bounded, and the side lines of the lots next below and next above theirs in number, they have located their lot, and made out their case; if it be not successfully controverted by opposing testimony.

The proprietors voted, it seems, to lay out their town in one hundred-acre lots. But it is of no consequence what they proposed or intended to do; the question is, what have they done, by their surveyors or other agents duly authorised. Their intention, as manifested by their vote, was very inaccurately executed; some of the lots exceeding the quantity, which is not unusual, from the liberal admeasurement formerly made; and some falling short of the number of acres proposed, which has less frequently happened. It is conceded that eight ought to adjoin seven, because the surveyor must have begun at one and progressed onwards; but it is urged that it would not conclusively follow that it would extend to nine; especially in the present instance, where the plaintiffs claim two hundred acres, instead of one hundred, to which, it is insisted, his lot should be restricted; and that it ought the rather to be presumed that the surveyor dropped or omitted a lot in his numbering. But it must be considered that there is precisely the same reason for presuming that nine adjoins eight, as that eight adjoins seven. The line therefore adjoining seven is no better established than that which adjoins nine. If the defendant could have shown original corners, or a line dividing the space between seven and nine, the case would have been differently presented. But the burden of proof was upon him to do this; and as he failed to do it, eight must be located as it stands numerically, adjoining seven on one side, and nine on the other. Selling, as the proprietors do, by the number of the lot and of the range, the range and lot lines are referred to as monuments, and when found, will govern and control courses, distances and quantities.     *Judgment on the verdict.*